**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GABRIEL RUDY CORTEZ,

        Plaintiff - Appellant,

  v.

MATTHEW CATE; et al.,

        Defendants - Appellees.

No. 11-17507

D.C. No. 5:09-cv-03021-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Gabriel Rudy Cortez, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process, equal protection, and First Amendment claims in connection with his

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

validation as an associate of a prison gang and confinement in the security housing unit ("SHU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Cortez's due process claim relating to his 2008 validation as a prison gang associate because the record shows that Cortez received notice and an opportunity to present his views and there was "some evidence," with sufficient indicia of reliability, in support of the decision. *See Bruce*, 351 F.3d at 1287-88.

The district court properly granted summary judgment on Cortez's equal protection claim because the procedures called for in the memorandum at issue were racially neutral and narrowly tailored to address a compelling government interest in prison security. *See Johnson v. California*, 543 U.S. 499, 511-13 (2005); *Richardson v. Runnels*, 594 F.3d 666, 671 (9th Cir. 2010).

Summary judgment was proper on Cortez's First Amendment claim that he had a right to "benign association" with people of his own ethnic group without being subjected to a risk of SHU confinement on the basis of such associations because "the Constitution [does not] recognize[] a generalized right of 'social

association.'" *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (activity protected by First Amendment right of association includes "intimate association" and "expressive association"); *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 131 (1977) (prison officials may curtail prisoner's associational rights if they conclude such associations "possess the likelihood of disruption to prison order or stability, or otherwise interfere with [] legitimate penological objectives").

The district court did not abuse its discretion by denying Cortez's request for appointment of counsel because Cortez failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and listing factors to consider).

The district court did not abuse its discretion by granting summary judgment without allowing Cortez further discovery because Cortez did not show how additional discovery would have affected the disposition of his case. *See* Fed. R. Civ. P. 56(d); *Barona Grp. of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1399-1400 (9th Cir. 1987) (denial of a request for additional discovery is proper where the moving party "failed to explain how additional discovery would have affected the disposition of the case").

However, the district court erred in granting summary judgment on Cortez's

First Amendment retaliation claim when it improperly concluded that Cortez could not refute that defendants had legitimate correctional goals for his gang validation. Cortez provided evidence to create a genuine dispute of material fact as to improper motive, and "prison officials may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right." *Bruce,* 351 F.3d at 1289 ("[If . . . the defendants abused the gang validation procedure as a cover or a ruse to silence and punish [the prisoner] because he filed grievances, they cannot assert that [his] validation served a valid penological purpose, even though he may have *arguably* ended up where he belonged."). Accordingly, we reverse and remand for further proceedings on this claim.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED**.